# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:20-CR-315- |
| § | SDJ |
| VICTOR JAVIER DELGADO-RABAGO, § | |
| JR. (1) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Victor Javier Delgado-Rabago, Jr.'s ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 11, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Tom Gibson.

Defendant was sentenced on February 3, 2020, before The Honorable U.S. District Judge David C. Guaderrama of the Western District of Texas after pleading guilty to the offense of Conspiracy To Transport Illegal Aliens, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of II, was 8 to 14 months. Defendant was subsequently sentenced to Time Served followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include alcohol abstinence; substance abuse testing and treatment; financial disclosure; the defendant shall remain in the custody of the Federal Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first

year of the term of probation or supervised release as directed by the Court, the defendant shall participate in an education services program and follow the rules and regulations of that program. Such programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve Defendant's proficiency in skills such as reading, writing, mathematics, or computer use. Defendant shall pay for the costs of the program if financially able; and a $100 special assessment. On February 3, 2020, he completed his period of imprisonment and began service of the supervision term. The case was transferred to the Eastern District of Texas and assigned to The Honorable U.S. District Judge Sean D. Jordan on October 21, 2020. On January 29, 2021, the conditions of supervision were modified to include participation in a home detention program for 180 days.

On February 4, 2021, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 4, Sealed]. The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) the defendant shall refrain from any unlawful use of a controlled substance; (2) the defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able; (3) the defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods; (4) after initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to

report to the probation officer, and the defendant shall report to the probation officer as instructed; (5) the defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change; (6) the defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer; and (7) the defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. [Dkt. 4 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant submitted a positive urine specimen for methamphetamine on August 5, 2020, December 18, 2020, December 28, 2020, and January 29, 2021. He verbally admitted to drug use and the specimens were confirmed positive by Alere Toxicology; (2) Defendant failed to submit urine specimens at McCary Counseling Services, Denton, Texas on August 3, 2020, August 12, 2020, September 21, 2020, October 22, 2020, and November 17, 2020. He also discontinued individual substance abuse treatment with McCary Counseling Services during the month of July 2020. He resumed the following month and stated he wanted help. However, after August 2020, he never returned to treatment. It should be noted he was reinstructed to return to treatment during an office visit on December 14, 2020. During a phone conversation with the treatment provider on January 29, 2021, he advised he was going to unsuccessfully discharge Defendant from treatment. The official

notification remains pending; (3) On August 5, 2020 and December 14, 2020, he submitted a urine specimen that was determined to be diluted by Alere Toxicology Services; (4) Defendant's communication with the U.S. Probation Office began declining during the month of September 2020. He disconnected his phone service and the probation officer was unable to contact him. He failed to report for a scheduled office visit on September 15, 2020. From September 2020 to December 9, 2020, he only reported sporadically by submitting an online report. However, he did not update any changes to residence or contact information; (5) On October 8, 2020, a former employer was contacted, via telephone, regarding Defendant's whereabouts. He provided a new residential address located in the Northern District of Texas. This information was confirmed on October 14, 2020 by Defendant's sister during a home visit to the residence on file. She advised he moved out on or about September 20, 2020. He did not have permission to relocate and did not contact the probation officer to advise of the change in address; (6) During an office visit conducted on December 14, 2020, he verbally admitted he had been working outside of the district, away from the Dallas-Fort Worth area, for several months. He did not have permission to travel for work purposes; and (7) Since the inception of supervision, Defendant has struggled with obtaining and maintaining stable employment. He is currently unemployed. [Dkt. 4 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations of the Petition. Having considered the Petition and the plea of true to allegations 1 through 7, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with a term of supervised release of twenty-four (24) months to follow.

The Court further recommends that the special conditions originally imposed be reimposed, as follows: (1) You must provide the probation officer with access to any requested financial information for the purpose of monitoring your efforts to obtain and maintain lawful employment and income; (2) You must participate in a program of testing and treatment for substance abuse, under the guidance and direction of the U.S. Probation Office, until such time as you are released from the program by the probation officer. You must pay any cost associated with treatment and testing; (3) You must not use or possess alcohol; and (4) You shall participate in an education services program and follow the rules and regulations of that program. Such programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve your proficiency in skills such as reading, writing, mathematics, or computer use. You shall pay for the costs of the program if financially able.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 5th day of April, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE