# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:20-CR-135-SDJ-KPJ |
| § | |
| VICTOR JAVIER DELGADO-RABAGO, JR. § | |
| (1) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Victor Javier Delgado-Rabago, Jr.'s ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on October 18, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Anand Varadarajan.

Defendant was sentenced on February 3, 2020, before The Honorable U.S. District Judge David C. Guaderama of the Western District of Texas after pleading guilty to the offense of Conspiracy to Transport Illegal Aliens, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of II, was 8 to 14 months. He was subsequently sentenced to Time Served followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include alcohol abstinence; substance abuse testing and treatment; financial disclosure; the defendant shall participate in an education services program and follow the rules and regulations of that program. Such programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to

improve the defendant's proficiency in skills such as reading, writing, mathematics, or computer use. The defendant shall pay for the costs of the program if financially able; and a $100 special assessment. On February 3, 2020, he completed his period of imprisonment and began service of the supervision term. The case was transferred to the Eastern District of Texas and assigned to The Honorable U.S. District Judge Sean D. Jordan on October 21, 2020. On April 29, 2021, the original term of supervised release was revoked, and the defendant was sentenced to 9 months imprisonment followed by a 24-month term of supervised release, subject to the standard conditions plus special conditions to include financial disclosure; substance abuse testing and treatment; alcohol abstinence; and you shall participate in an education services program and follow the rules and regulations of that program. Such programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve your proficiency in skills such as reading, writing, mathematics, or computer use. You shall pay for the costs of the program if financially able. On December 1, 2021, he completed his period of imprisonment and commenced his second term of supervised release.

On September 7, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 19, Sealed]. The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) You must refrain from any unlawful use of a controlled substance; (2) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (3) You must participate in a program of testing and treatment for substance abuse, under the guidance and direction of the U.S. Probation Office, until such time as you are released from the program by the probation officer. You must pay any cost associated

with treatment and testing; and (4) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours [Dkt. 19 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant submitted a positive urine specimen for methamphetamine on May 5, 2022. He provided a verbal and written admission of said use. During a home visit on August 23, 2022, Defendant was unable to provide a urine specimen. However, he provided a verbal and written admission of methamphetamine use and indicated he last used on August 21, 2022; (2) Defendant verbally and in writing admitted to associating with individuals that were using drugs when he engaged in the drug use noted above; (3) Defendant failed to submit urine specimens at McCary Counseling Services, Denton, Texas on April 5 & 7; May 9; June 28; July 1, 22, 26 & 29; August 12, 20, & 31, 2022. He also failed to attend his outpatient individual session with McCary Counseling Services on April 25, May 23, and July 26, 2022. He has also been inconsistent with the weekly group sessions; and (4) Defendant was issued a citation for Fictitious License Place by the Corinth, Texas Police Department on June 28, 2022. He failed to notify the U.S. Probation Officer within 72 hours. The U.S. Probation Officer inquired about the law enforcement contact, via text message, on July 1, 2022, and he advised he had not reported it because he forgot [Dkt. 19 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed allegations 2 through 4 of the Petition. Having considered the Petition and the plea of true to allegation 1 of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 28; 29].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of ten (10) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 1st day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE